**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 18 2014, 9:29 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KATHRYN C. BYROM**
Kendallville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| RONNIE D. CONLEY, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )    No. 57A03-1308-CR-335 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE NOBLE CIRCUIT COURT
The Honorable G. David Laur, Judge
Cause No. 57C01-1206-FB-38

**March 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Ronnie D. Conley appeals his sentence following his convictions for two counts of dealing in a schedule I, II, or III controlled substance, as Class B felonies. Conley presents two issues for our review:

1.  Whether the trial court abused its discretion when it sentenced him.

2.  Whether his sentence is inappropriate in light of the nature of the offenses and his character.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On January 10, 2011, in Noble County, Lisa Devers, acting as a confidential informant for the IMAGE Drug Task Force, arranged a controlled drug buy with Conley, an acquaintance. Devers, fitted with a wire transmitter and a digital recording device, went to Conley's trailer and purchased ten oxycodone pills for $40. And on March 29, Devers arranged another controlled drug buy. This time, Devers bought ten morphine pills for $90.

The State charged Conley with two counts of dealing in a schedule I, II, or III controlled substance, as Class B felonies. A jury found him guilty as charged, and the trial court entered judgment accordingly. The trial court sentenced Conley to concurrent sixteen-year terms, with twelve years executed and four years suspended to probation. This appeal ensued.

**DISCUSSION AND DECISION**

**Issue One:  Abuse of Discretion in Sentencing**

Conley contends that the trial court abused its discretion when it sentenced him. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion.  Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on other grounds on reh'g, 875 N.E.2d 218 (Ind. 2007).  An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.  Id.

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all.  Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law . . . .
>
> [However, b]ecause the trial court no longer has any obligation to "weigh" aggravating and mitigating factors against each other when imposing a sentence, . . . a trial court cannot now be said to have abused its discretion in failing to "properly weigh" such factors.

Id. at 490-91.

Conley contends that the trial court abused its discretion when it did not identify two mitigating factors, namely, his "law abiding life following his release from incarceration in 1999" and his "successful[] complet[ion of] eleven years of probation in the past."  Appellant's Brief at 7.  But Conley does not direct us to any part of the record showing that he proffered these alleged mitigators to the trial court.  Accordingly, the

3

issue is waived. See McKinney v. State, 873 N.E.2d 630, 646 (Ind. Ct. App. 2007), trans. denied.

Waiver notwithstanding, the trial court abuses its discretion in sentencing if it overlooks "substantial" mitigating factors that are "clearly supported by the record." Smith v. State, 929 N.E.2d 255, 259 (Ind. Ct. App. 2010) (quoting Anglemyer, 868 N.E.2d at 491), trans. denied. The trial court may decide what circumstances it finds mitigating. Id. When a defendant offers evidence of mitigators, the trial court has the discretion to determine whether the factors are mitigating, and it is not required to explain why it does not find the proffered factors to be mitigating. Id. Here, Conley, forty-two years old at the time of sentencing, was previously sentenced to thirty years with eleven years suspended to probation for conspiracy to commit murder. Conley admitted that he smoked marijuana on a daily basis while he was on probation. The trial court did not abuse its discretion when it did not identify as mitigating Conley's "law abiding life following his release from incarceration in 1999" and his "successful[] complet[ion of] eleven years of probation in the past." Appellant's Brief at 7.

## Issue Two: Inappropriate Sentence

Conley also contends that his sentence is inappropriate in light of the nature of the offenses and his character. Again, the trial court imposed concurrent sixteen-year sentences with four years suspended to probation. The sentencing range for a Class B felony is six years to twenty years with the advisory sentence being ten years. Ind. Code § 35-50-2-5.

Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize[]

4

independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character. See App. R. 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

And our supreme court has stated that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. The principal role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

Conley contends that his sentence is inappropriate in light of the nature of the offenses and his character. He maintains that his offenses "did not involve egregious conduct," involved "a small amount of pills," he "did not receive a major financial gain,"

and "no weapons were ever involved or even a harsh word uttered." Appellant's Brief at 11. He maintains that his criminal history consists of a single conviction in 1999, when he was nineteen years old. He acknowledges that he committed "a serious felony," conspiracy to commit murder, but he notes that "twenty-three years have passed since his conviction." Appellant's Brief at 12. Conley points out that he completed eleven years of probation after his release in 1999. Finally, Conley states that he lives with his elderly mother and "help[s] her to the best of his ability" despite his multiple health ailments. Id. at 13.

But the State points out that each dealing offense required only that Conley had sold Devers a single pill, and Conley had sold her ten pills at each controlled buy. And, again, Conley admitted to having smoked marijuana daily while he was on probation following his release from incarceration in 1999. Thus, his probation could have been revoked at any time had his drug abuse been discovered. And while his care for his mother is laudable, his inability to live as a law-abiding citizen despite his years in prison reflects poorly on his character. In addition, Conley has not accepted responsibility for his actions in the instant case. While we may not have imposed the same sentence as the trial court, Conley's sentence is not an outlier. Indeed, his executed sentence is only two years above the advisory sentence for a Class B felony. We cannot say that Conley's sentence is inappropriate in light of the nature of the offenses or his character.

Affirmed.

BAKER, J., and CRONE, J., concur.